### *BEAUCHAMP* vs. *McMICKEN.*

APPEAL from the court of the third district,
the judge of said district presiding.

MARTIN, J. delivered the opinion of the
court. This is an action of nullity, to set aside
a judgment obtained by the defendant against
the present plaintiff. An injunction was pray-
ed and obtained to prevent its execution.

The defendant denied that the petition con-
tained sufficient matter to justify the plaintiff's
pretensions—he prayed that the injunction be
dissolved and the petition dismissed. It was
so done, and the plaintiff appealed.

The action
of nullity is
given in case
the judgment
was rendered
on false do-
cuments.

Eastern Dist
*March*, 1829.

BEAUCHAMP
*vs.*
McMICKEN.

The suit on which the judgment was attacked for nullity in its form, was brought by the appellee on a draft of Leggo, on the appellant, and by him accepted; which draft the appellee alleged had been lost or mislaid; and he annexed to his petition his affidavit, stating the loss or mislaying, in which he stated the acceptance to be in the following words: "I accept the within draft for $350, to be paid with interest at 10 per cent. a year, from the date, till paid; with the understanding that if I should be legally dispossessed of the land (I purchased from the drawer) by virtue of a judgment rendered in favor of the executors of S. Gall, deceased, against my vendor and S. Adams and S. Beauchamp. The petition adds that the appellant, relying on the truth of the appellee's statement, confessed judgment accordingly, and afterwards the draft was discovered and found, and the acceptance appears to be in the following words, to wit: "I accept this order for $350 on the following conditions—to say, one half of the amount, being $175 is to be on interest at 10 per cent. from the first of February, 1822, if not paid before, and upon the express understanding that no

part is liable to be paid, till a judgment for
$1000 in favor of Gall's estate against Leggo
and Adams be satisfied, if said judgment be a
lien on the land I bought, which was rendered
before my purchase. J. Beauchamp. May
11, 1825."

The action of nullity is given by the code of
practice, 507, when the plaintiff obtains judg-
ment on the production of forged documents,
or other ill practices. In the present case the
document was not literally forged—but it was
a *false* one. Whether the plaintiff availed
himself of a false document, designedly alleg-
ing the loss of the original and knowingly gi-
ving an untrue recital of its contents—or ha-
ving really mislaid it erroneously stated its
contents—the injury to the defendant is the
same. The court who gave judgment was
equally deceived in either case, by the act of the
plaintiff, beyond the control of the defendant.
Truth must be the basis of all judgments, and
where one is obtained on false documents,
made by the party in whose favor it is render-
ed, the detection of the falsity must entitle the
opposite party to relief, even where there is no
malice, in that who is in possession of the judg-

Eastern Dist ment.  The absence of malice ought not to
*March* 1829.
have any other effect than to protect the party
BEAUCHAMP
*vs.*  from punishment.
McMICKEN.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed, and pro-
ceeding to give such judgment as the inferior
court ought, in our opinion, to have given; it is
ordered that the judgment attacked for nullity
be declared null and set aside—the injunction
sustained, the appellee paying costs.

*Watts & Lobdell*, for plaintiff—*Turner* for
defendant.